WOLFF & SAMSON PC
THE OFFICES AT CRYSTAL LAKE
ONE BOLAND DRIVE
WEST ORANGE, NEW JERSEY 07052
973-325-1500
Adam K. Derman
Attorneys for Plaintiff
DTW Marketing Research Group, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DTW MARKETING RESEARCH GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> THE VOXX GROUP, LLC d/b/a PHARMAVOXX, HEALTH IQ, LLC, XiQ, LLC, JOHN DOES 1-99 and JANE DOES 1-99 <br><br> Defendants. | Civil Action No. 2:09-cv-06302 (SRC)(MAS) <br><br> Civil Action <br><br> **PLAINTIFF DTW MARKETING RESEARCH GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM FILED BY THE VOXX GROUP, LLC D/B/A PHARMAVOXX** |

Plaintiff DTW Marketing Research Group, Inc. ("DTW"), with an address at 227 US Highway 206, Flanders, New Jersey 07836-9175, by and through its attorneys, Wolff & Samson PC, for its Answer to the Counterclaim (the "Counterclaim") filed by defendant The Voxx Group, LLC d/b/a PharmaVoxx ("Pharma Voxx") hereby responds as follows:

### THE PARTIES

1. DTW admits the allegations contained in paragraph 1 of the Counterclaim.

2. DTW admits the allegations contained in paragraph 2 of the Counterclaim.

### JURISDICTION AND VENUE

3. Paragraph 3 of the Counterclaim sets forth a legal conclusion for which no response is required.

4. Paragraph 4 of the Counterclaim sets forth a legal conclusion for which no response is required.

1235448.2

## FACTUAL ALLEGATIONS

5. DTW denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Counterclaim.

6. DTW denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Counterclaim.

7. DTW denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Counterclaim.

8. DTW denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Counterclaim.

9. DTW denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Counterclaim.

10. DTW denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Counterclaim.

11. DTW denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Counterclaim.

12. DTW denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Counterclaim.

13. DTW admits that it is not a client of Pharma Voxx, but denies knowledge or information sufficient to form a belief as to whether it may be an agent of any of Pharma Voxx's clients.

14. Paragraph 14 of the Counterclaim purports to characterize the terms of an excerpt from Pharma Voxx's website, and DTW refers to the language itself as the best evidence of the terms contained therein.

15. DTW denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 15 of the Counterclaim, except to state that, based upon the descriptions on Pharma Voxx's website, it appears that many of the features Pharma Voxx claims to have developed were in use by DTW prior to Pharma Voxx's existence.

16. DTW denies the allegations contained in paragraph 16 of the Counterclaim.

17. DTW denies the allegations contained in paragraph 17 of the Counterclaim.

18. DTW denies the allegations contained in paragraph 18 of the Counterclaim.

## COUNT I

### (BREACH OF CONTRACT)

19. DTW repeats and realleges the answers contained in each of the preceding paragraphs as if fully set forth at length herein.

20. DTW denies the allegations contained in paragraph 20 of the Counterclaim.

21. DTW denies the allegations contained in paragraph 21 of the Counterclaim.

22. DTW denies the allegations contained in paragraph 22 of the Counterclaim.

23. DTW denies the allegations contained in paragraph 23 of the Counterclaim.

24. DTW denies the allegations contained in paragraph 24 of the Counterclaim.

25. DTW denies the allegations contained in paragraph 25 of the Counterclaim.

## COUNT II

### (VIOLATIONS OF THE NEW JERSEY COMPUTER-RELATED OFFENSES ACT § 2A:38A-3)

26. DTW repeats and realleges the answers contained in each of the preceding paragraphs as if fully set forth at length herein.

27. DTW denies the allegations contained in paragraph 27 of the Counterclaim.

28. DTW denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Counterclaim.

1235448.2

29. DTW denies the allegations contained in paragraph 29 of the Counterclaim.

30. DTW denies the allegations contained in paragraph 30 of the Counterclaim.

31. DTW denies the allegations contained in paragraph 31 of the Counterclaim.

## COUNT III

### (VIOLATIONS OF THE CALIFORNIA DATA ACCESS AND FRAUD ACT, CALIFORNIA PENAL CODE § 502(C))

32. DTW repeats and realleges the answers contained in each of the preceding paragraphs as if fully set forth at length herein.

33. DTW denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Counterclaim.

34. DTW denies the allegations contained in paragraph 34 of the Counterclaim.

35. DTW denies the allegations contained in paragraph 35 of the Counterclaim.

36. DTW denies the allegations contained in paragraph 36 of the Counterclaim.

37. DTW denies the allegations contained in paragraph 37 of the Counterclaim.

38. DTW denies the allegations contained in paragraph 38 of the Counterclaim.

## COUNT IV

### (VIOLATIONS OF THE FEDERAL COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C.A. § 1030)

39. DTW repeats and realleges the answers contained in each of the preceding paragraphs as if fully set forth at length herein.

40. Paragraph 40 of the Counterclaim sets forth a legal conclusion for which no response is required.

41. Paragraph 41 of the Counterclaim sets forth a legal conclusion for which no response is required.

42. DTW denies the allegations contained in paragraph 42 of the Counterclaim.

4

1235448.2

43. DTW denies the allegations contained in paragraph 43 of the Counterclaim.

## COUNT V

## (UNFAIR COMPETITION)

44. DTW repeats and realleges the answers contained in each of the preceding paragraphs as if fully set forth at length herein.

45. DTW denies the allegations contained in paragraph 45 of the Counterclaim.

46. DTW denies the allegations contained in paragraph 46 of the Counterclaim.

47. DTW denies the allegations contained in paragraph 47 of the Counterclaim.

48. DTW denies the allegations contained in paragraph 48 of the Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrines of laches, waiver and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrines of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred because DTW had no contractual relationship with Pharma Voxx.

**WHEREFORE**, Plaintiff DTW Marketing Research Group, Inc. demands judgment in its favor and against Defendant The Voxx Group, LLC d/b/a PharmaVoxx relating to the Counterclaim as follows:

(a) Denying each and every demand sought in the Counterclaim;

5

1235448.2

 (b) Dismissing the Counterclaim with prejudice;

 (c) Awarding attorneys fees and cost of suit; and

 (d) Such other and further relief as the Court seems just and proper.

   **WOLFF & SAMSON PC**
   Attorneys for Plaintiff
   DTW Marketing Research Group, Inc.


   By: */s/ Adam K. Derman*
     ADAM K. DERMAN

Dated: May 21, 2010

6

1235448.2